# ORIGINAL

## In the United States Court of Federal Claims

No. 14-777C
(Filed: August 31, 2015)

FILED

AUG 3 1 2015

U.S. COURT OF
FEDERAL CLAIMS

```
*******************************************
CHRISTOPHER REEVES,                        *
                                           *
              Plaintiff,                    *   Order to Show Cause; RCFC 41(b);
                                           *   Dismissal for Failure to Prosecute
v.                                         *
                                           *
THE UNITED STATES,                         *
                                           *
              Defendant.                    *
*******************************************
```

### ORDER

On October 27, 2014, defendant filed a motion to dismiss in the above-captioned case pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff's response to the motion was due no later than November 28, 2014, but none was filed. On January 26, 2015, the court issued an order to show cause for failure to prosecute, which required plaintiff to file a response by February 16, 2015. When the show cause order was returned to the Clerk's Office, marked "return to sender," the Clerk's Office contacted the prison and learned that plaintiff listed an incorrect P.O. Box number as his inmate address on his complaint. Having been provided with the correct P.O. Box number for plaintiff, on February 10, 2015, the court sent a copy of the January 26, 2015 show cause order to plaintiff at the correct P.O. Box number. In addition, the court sent via facsimile a copy of the January 26, 2015 show cause order to Mr. Charles L. Lockett, the prison warden, to ensure that plaintiff would receive the show cause order.

Once again, plaintiff did not respond to the court's show cause order. Upon making an inquiry with the prison, the court learned that defendant's motion to dismiss had also been sent to the incorrect P.O. Box number listed on plaintiff's complaint. Accordingly, out of an abundance of caution, on March 27, 2015, the court sent a copy of the motion to dismiss, the January 26, 2015 order to show cause, and a second order to show cause, dated March 27, 2015, to the correct mailing address. The March 27, 2015 order to show cause for failure to prosecute required plaintiff to respond by no later than May 28, 2015. As of this date, plaintiff has not submitted any response. RCFC 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except

one for lack of jurisdiction or failure to join a party under RCFC 19—operates as an adjudication on the merits.

The clerk of the court is therefore directed to **DISMISS WITHOUT PREJUDICE** plaintiff's complaint and enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge